UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH PAGE individually and<br>As fiduciary of the Page Electrical Corporation<br>401(k) Profit Sharing Plan & Trust, and<br>Page Electrical Corporation, *aka E & M Electrical<br>Corporation dba Page Companies,*<br><br>Defendants. | CIVIL ACTION<br>FILE NO. |

# COMPLAINT

Thomas E. Perez, Secretary of the United States Department of Labor, hereby alleges:

## I. JURISDICTION and VENUE

(1) This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and is brought to obtain equitable relief, to redress violations, and to obtain other appropriate relief necessary to enforce the provisions of Title I of ERISA, pursuant to ERISA §§ 502(a)(2) and (5), 29 U.S.C., §§ 1132(a)(2) and (5).

(2) The Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

(3) Venue of this action lies in the District of Massachusetts pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## II. THE PARTIES

(4) Defendant Page Electrical Corporation, *aka E & M Electrical Corporation dba Page Companies* ("hereinafter "Page Electrical") is a Massachusetts corporation having an office and place of business at 60 Elm Hill Avenue, Leominster, Massachusetts, 01453, within the jurisdiction of this Court.

(5) Page Electrical is an employer within the meaning of ERISA § 3(5), 29 U.S.C. §1002(5).

(6) The Page Electrical 401(k) Profit Sharing Plan & Trust (hereinafter "the Plan"), is an employee benefit plan within the meaning of ERISA §3(2)(A), 29 U.S.C. § 1002(2)(A), and is covered under ERISA pursuant to § 4(a) of ERISA, 29 U.S.C. § 1003(a).

(7) At all relevant times, Page Electrical was and remains the Plan Sponsor, as defined by ERISA § 3(16)(B)(i), 29 U.S.C. § 1002(16)(B)(i).

(8) At all relevant times, Page Electrical was and remains the Plan Administrator of the Plan as defined by ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A).

(9) As Plan Administrator, Page Electrical was and is a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

(10) At all relevant times, as a fiduciary to the Plan, named Plan Administrator, and employer of employees covered under the Plan, Page Electrical was a "party in interest" to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. §1002(14)(A) and (C).

(11) During all relevant times, Defendant Kenneth Page was and remains the majority owner of Page Electrical and was and remains the President, Treasurer, Secretary, and Director. At all relevant times, Defendant Kenneth Page was the Trustee of the Plan and has remained Trustee to the present. Defendant Kenneth Page resides within the jurisdiction of this Court.

(12) As the Trustee of the Plan, Defendant Kenneth Page was and remains, a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. §1002(21)(A).

(13) As a fiduciary to the Plan and as an owner, officer and director of the Plan Sponsor, Defendant Kenneth Page was and is a "party in interest" to the Plan within the meaning of ERISA §3(14)(A), (E), and (H) of ERISA, 29 U.S.C. §1002(14)(A), (E), and (H).

### III. CLAIMS FOR RELIEF

(14) Pursuant to Rule 10(c), Fed. Civ. P., the Secretary adopts and incorporates by reference the averments and allegations of paragraphs 1 through 13, inclusive.

(15) Between approximately January 4, 2008 to June 19, 2010, Defendants Kenneth Page and Page Electrical withheld $106,161.40 from employee paychecks for contribution to the Plan. However, only $85,553.17 was deposited to the Plan.

(16) Pursuant to Department of Labor ("DOL") Regulations, employee withholdings designated for contribution to an ERISA plan become assets of that plan as soon as they can be reasonably segregated from the assets of the employer and in no event later than fifteen (15) business days following the month in which the monies were withheld from employee compensation. 29 C.F.R. § 2510.3-102.

(17) Defendant Kenneth Page and Page Electrical failed to forward to the Plan employee salary deferrals designated for contribution to the Plan for the time period of January 4, 2008, to June 19, 2010 in the principal amount of $20,608.23.  Such employee salary deferrals remained in the corporate accounts of Page Electrical and were used by the Defendants for purposes unrelated to the Plan.

(18) The failure of Defendants Kenneth Page and Page Electrical to remit or cause the forwarding of employee contributions to the Plan resulted in losses to the Plan in the amount of the un-remitted contributions, plus lost earnings on the un-remitted contributions.

(19) The governing Plan documents provide that no assets of the Plan shall be diverted for purposes other than for the exclusive benefit of Plan participants and their beneficiaries and that employees "will always be 100% vested in the amount you deferred."

(20) By virtue of the acts or omission set forth in paragraphs 15 - 19, Defendants Kenneth Page and Page Electrical breached their fiduciary duties to the Plan by failing to ensure that all assets of the Plan were held in trust, in violation of § 403(a) of ERISA, 29 U.S.C. §1103(a).

(21) By virtue of the acts or omissions set forth in paragraphs 15 - 19, Defendants Kenneth Page and Page Electrical breached their fiduciary duties to the Plan by failing to ensure the assets of the Plan did not inure to the benefit of the employer and were held for the exclusive purpose of providing benefits to participants and beneficiaries of the Plan, in violation of § 403(c)(1) of ERISA, 29 U.S.C. § 1103(c)(1).

(22) By virtue of the acts set forth in paragraphs 15 - 19, Defendants Kenneth Page and Page Electrical breached their fiduciary duties by failing to discharge their obligations with respect to the Plan solely in the interest of the participants and beneficiaries of the Plans and for the exclusive purpose of providing benefits and defraying reasonable expenses of plan administration, in violation of § 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A).

(23) By virtue of the acts set forth in paragraphs 15-19, Defendants Kenneth Page and Page Electrical breached their fiduciary duties by failing to discharge their obligations with respect to the Plan with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of § 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B).

(24) By virtue of the acts set forth in paragraphs 15-19, Defendants Kenneth Page and Page Electrical breached their fiduciary duties by failing to discharge their obligations with respect to the Plan in accordance with the documents and instruments governing the Plan, in violation of § 404(a)(1)(D) of ERISA, 29 U.S.C. § 1104(a)(1)(D).

(25) By virtue of the acts set forth in paragraphs 15-19, Defendants Kenneth Page and Page Electrical breached their fiduciary duties to the Plan by causing or permitting the Plan to engage in prohibited transactions involving the transfer or use of Plan assets by a party-in-interest, Page Electrical, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106 (a)(1)(D).

(26) By virtue of the acts set forth in paragraphs 15-19, Defendants Kenneth Page and Page Electrical breached their fiduciary duties to the Plan by causing or permitting

the Plan to engage in prohibited transactions through dealing with the assets of the Plan in Defendants' own interests, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106 (b)(1).

(27) By virtue of the acts set forth in paragraphs 15-19, Defendants Kenneth Page and Page Electrical breached their fiduciary duties to the Plan through taking actions involving the Plan on behalf of a party whose interests were adverse to the interests of the Plan and Plan participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106 (b)(2).

**WHEREFORE**, pursuant to § 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), Plaintiff prays that the Court:

A.  Order Defendants Kenneth Page and Page Electrical to restore to the Plan all losses incurred as a result of their fiduciary breaches and prohibited transactions in which they participated or for which they are liable, plus appropriate interest, including set off of Defendant Kenneth Page's individual Plan account against the amount of losses, as authorized by 29 U.S.C. §1056(d)(4), if the losses are not otherwise restored to the Plan by Defendant Kenneth Page and/or Page Electrical;

B.  Order Defendant Kenneth Page to properly make or cause all distributions owed to Plan participants after all losses to the Plan have been restored;

C.  Except as required to properly make or cause all distributions to be made, permanently bar Defendant Kenneth Page from serving as a fiduciary for any employee benefit plan subject to ERISA. Such bar shall include but not be limited to prohibiting Defendant Kenneth Page from exercising control over the administration of any ERISA plan and/or control over any ERISA plan assets;

D.   Enjoin Defendant Kenneth Page from engaging in any further violations of Title I of ERISA;

E.   Award Plaintiff the costs of this action; and

F.   Provide such other relief as may be just and equitable.

Respectfully submitted,

M. Patricia Smith
Solicitor of Labor

Michael Felsen
Regional Solicitor

*/s/ Donald E. d'Entremont*
Donald E. d'Entremont
Attorney
MA BBO # 558834

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:

U.S. Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA  02203
TEL: (617) 565-2500
FAX: (617) 565-2142

DATE:   March 11, 2016